UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ambur Ames | : | |
|       Plaintiff, | : | |
| | : | |
| vs. | : | No.: 2:20-cv-887 |
| | : | |
| Washington Health System Foot and Ankle Specialists, Inc. | : | |
| | : | |
|       Defendant. | : | |
| | : | |
| | : | |
| | : | |

## COMPLAINT

AND NOW, COMES Plaintiff Ambur Ames by and through her attorneys, Thomas B. Anderson, Esquire and Thomson, Rhodes & Cowie, P.C. and files this Complaint against Washington Health System Foot and Ankle Specialists, Inc., in support thereof avers as follows:

### JURISDICTION and VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claim occurred in this judicial district.

## PARTIES

3. Plaintiff is an adult individual, who resides in Bentleyville, Washington County, Pennsylvania.

4. Washington Health System Foot and Ankle Specialists, Inc. ("WHSFAS") is a Pennsylvania corporation with its office located at 208 Wellness Way, Building 1, Washington, PA. WHSFAS owns and operates a podiatry office open to the public and provides medical treatment.

5. WHSFAS is a public accommodation as defined in Title III of the Americans with Disabilities Act ("ADA").

## FACTUAL BACKGROUND

6. Plaintiff is a person with a disability who has a physical and/or mental condition, Tuberous Sclerosis, a genetic mutation that affects her cells and allows growths of benign tumors in major organs. Plaintiff's condition primarily affects her kidneys brain and skin. The condition has impacted the skin on her face, and she cannot wear a mask as a result of her condition.

7. The events complained of occurred on May 29, 2020. Plaintiff sought medical treatment for plantar warts at WHSFAS. Plaintiff was told that she could not be seen or examined in the office unless she wore a mask. Plaintiff explained that due to her medical condition, she could not wear a mask. The condition on

Plaintiff's face was evident. The WHSFAS office asked if Plaintiff had a doctor's excuse. The office coordinator left the waiting area and Plaintiff heard someone say: "Who does she think she is? This is a doctor's office; everyone has to wear a mask." Plaintiff then called her Primary Care Physician who sent documentation to WHSFAS that Plaintiff could not wear a mask for medical reasons. When the office manager finally arrived, the manager continued to deny Plaintiff medical treatment. The office manager stated Plaintiff could get a telemedicine appointment that made no sense given her condition, otherwise, Plaintiff could not be seen.

8. Plaintiff left without being seen or treated.

9. On April 15, 2020, Pennsylvania Governor, Tom Wolf issued a press release announcing that Dr. Rachel Levine, under her authority as Secretary of the Department of Health to take any disease control measures appropriate to protect the public from the spread of infectious disease, signed an order directing protections for critical workers at businesses authorized to maintain in-person operations during the Covid 19 disaster emergency.

10. The order, effective April 19, 2020, provided that businesses covered by the order should

> require all customers to wear masks while on the premises, and deny entry to individuals not wearing masks, unless the business is providing medication, medical supplies, or food, in which case the business must provide alternative methods of pick-up or delivery of such goods; **HOWEVER, INDIVIDUALS**

**WHO CANNOT WEAR A MASK DUE TO A MEDICAL CONDITION (INCLUDING CHILDREN UNDER THE AGE OF 2 YEARS PER CDC GUIDANCE) MAY ENTER THE PREMISES AND ARE NOT REQUIRED TO PROVIDE DOCUMENTATION OF SUCH MEDICAL CONDITION.**

11. The Pennsylvania Department of Health subsequently published guidelines for businesses, which were updated on May 1, 2020. The guidelines state:

> Q. If a customer refuses to wear a mask will they be turned away or will the customer be refused service?
>
> A. Yes, with the exception of businesses that provide medication, medical supplies, or food, which must offer another means for the customer to purchase goods if the customer is unable to wear a mask. Those means could include home delivery or contactless curbside pick-up. **However, individuals who cannot wear a mask due to a medical condition (including children under the age of 2 per CDC guidance) may enter the premises and are not required to provide documentation of such medical condition. … Businesses should advise customers of the Secretary's Order; <u>tell the customer that only those who cannot wear a mask due to a medical condition may enter the premises without a mask</u>; and advise the customer that almost any face covering would be acceptable.**
>
> Q. How do businesses avoid confrontation with customers who do not wear a mask?
>
> **A. … [B]usinesses should advise customers of the Secretary's Order; tell the customer that only persons who cannot wear a mask due to a medical condition do not have to comply with the requirement to wear a mask….**

12. Despite the Pennsylvania Secretary of Health's order and guidelines above to the contrary, WHSFAS implemented policies and procedures that require all patients to wear masks even if they are disabled and they cannot wear a mask due to their medical conditions.

13. WHSFAS's policy and procedure violated Title III of the ADA and the PHRA because Plaintiff was denied equal enjoyment of the public accommodation because of his disability.

**Count I – Violation of Title III of the ADA.**

14. Plaintiff incorporates by reference the averments of Paragraphs 1-13 of the Complaint as if the same were set forth in full.

15. At all times relevant to this action, the ADA was in full force and effect in the United States.

16. The ADA expressly prohibits, among other things, discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations by any person who owns, leases, (or leases to), or operates a place of public accommodation.  Under the terms of the ADA, discrimination includes a failure to provide services to a disabled person to the extent that such services are provided to non-disabled persons.  The ADA requires that goods, services, facilities, privileges, advantages,

and accommodations be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual.

17. Title III of the ADA, which applies to public accommodations such as WHSFAS, establishes the general rule that no individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any public accommodation.

18. Plaintiff is an individual with a disability within the meaning of the ADA because Plaintiff has a physical impairment as described herein.

19. Plaintiff requested an accommodation from the mask policy due to her disability. The request was reasonable and in accordance with the recommendations and orders of the Pennsylvania Health Secretary. Such accommodation would have allowed Plaintiff to enjoy full and equal enjoyment of the office as provided to people who are not disabled and are able to comply with the request to wear a mask without potentially subjecting themselves to physical or mental injuries or ailments.

20. Defendant is a business that owns, leases, or operates a place of public accommodation within the meaning of the ADA because Defendant owns, leases, or operates a medical office which provides medicine and other essential services to members of the public.

21. Defendant is in violation of the ADA because it discriminated against Plaintiff on the basis of Plaintiff's disability in the full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations of WHSFAS because it denied Plaintiff the services, facilities, privileges, advantages, and accommodations of the office in the most integrated setting appropriate to Plaintiff's needs, because it refused her access to the office without wearing a mask based on her disability.

22. Defendant's policies and practices have, are, and will cause irreparable harm to the Plaintiff.

23. Plaintiff did not pose a direct threat to the health or safety of others. There was no significant risk to the health or safety of others that could not be eliminated by a modification of WHSFAS's policies, practices and procedures. Social distancing and other safety precautions were in place at the office, Plaintiff had no signs or symptoms of Covid 19, and the Pennsylvania Health Secretary's order and guidelines recognized the need for a medical exception to the mask requirement.  WHSFAS simply did not want to be bothered with the exception, despite the fact that it had no basis to conclude that Plaintiff was a direct threat to the health or safety of others.  WHSFAS made no individual assessment that considered Plaintiff's actual abilities or disabilities, instead, WHSFAS has adopted a broad discriminatory policy based on generalizations and stereotypes.

24. Plaintiff requests that the court award her injunctive relief requiring WHSFAS to accommodate Plaintiff by allowing her to obtain treatment in its office without wearing a mask so that she may enjoy the benefits, privileges, goods, services facilities, advantages, and accommodations including equal access to and enjoyment of WHSFAS's office in the future. To affect such relief to Plaintiff, it may be appropriate for the court to provide clear protocols to all WHSFAS employees advising that persons who cannot wear a mask inside the office due to a disability must be accommodated. WHSFAS should be required to train its employees about its legal obligations and to post and disseminate notice to WHSFAS employees regarding their legal obligations under the ADA and the PHRA.

WHEREFORE, Plaintiff seeks injunctive relief and reasonable attorney fees including litigation expenses and the costs in this action.

**Count II – Retaliation and Coercion in violation of the ADA.**

25. Plaintiff incorporates by reference the averments of Paragraphs 1-24 of the Complaint as if the same were set forth in full.

26. Defendant engaged in threats, intimidation and interference as set forth herein against Plaintiff after she asserted her rights under the ADA.

27. Defendant's threats, intimidation and interference was intended to interfere with Plaintiff's protected legal rights under the ADA.

28. Defendant's retaliation was caused by Plaintiff's protected conduct.

29. Defendant should be enjoined from retaliating against Plaintiff for refusing to wear a mask in Defendant's office.

WHEREFORE, Plaintiff seeks injunctive relief and reasonable attorney fees including litigation expenses and the costs in this action.

Respectfully submitted,

THOMSON, RHODES & COWIE, P.C.

Dated June 4, 2020

/s Thomas B. Anderson
Thomas B. Anderson, Esquire
PA I.D. #79990

THOMSON, RHODES & COWIE, P.C.
Firm No. 720
Two Chatham Center, 10th Floor
Pittsburgh, PA  15219
(412) 232-3400

Attorneys for the Plaintiff